## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> COMPUTER SCIENCES CORPORATION, DXC TECHNOLOGY SERVICES LLC, H.C. CHARLES DIAO, and JOHN MICHAEL LAWRIE, <br><br> Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendants DXC Technology Services LLC ("DXC") and Computer Sciences Corporation ("CSC"), through undersigned counsel, file this Notice of Removal (the "Notice") of Civil Docket No. 1973CV00884, which is now pending in the Bristol County Superior Court, Taunton, Commonwealth of Massachusetts, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support of this Notice, Defendants state as follows:

1. On or about September 20, 2019, Plaintiff David Anderson ("Plaintiff") filed a Complaint in the Bristol County Superior Court of the Commonwealth of Massachusetts, captioned *David Anderson v. Computer Sciences Corporation, et al.*, Docket No. 1973CV00884.

2. Plaintiff's Complaint alleges that Defendants failed to pay him commissions he purportedly earned or would have earned as an employee for Fiscal Years 2017, 2018, and 2019. Pl.'s Compl. ¶ 1, attached as Ex. A.

3. Plaintiff asserts four claims against all Defendants. Ex. A, Compl. ¶¶ 17-58.

4. Claims one through three allege violations of the Fair Labor Standards Act and Massachusetts Wage and Hour Law for the alleged failure of Defendants to pay Plaintiff commissions in 2017, 2018, and 2019. Ex. A, Compl. ¶¶ 17-51.

5. Claim four alleges that Defendants breached an alleged contract between them and Plaintiff with respect to the payment of commissions to Plaintiff. Ex. A, Compl. ¶¶ 52-58.

6. CSC and DXC were served with Plaintiff's Complaint and Summons on October 7, 2019 through their registered agent, Corporate Creations Network, Inc.

7. Plaintiff has not served Defendants H.C. Charles Diao and John Michael Lawrie the Complaint.

8. CSC and DXC have not filed an Answer in this case.

I. **The Court Has Federal Question Jurisdiction over this Lawsuit**

9. The Court has original jurisdiction over this civil lawsuit under 28 U.S.C. § 1331 because Plaintiff's claims against Defendants implicate the laws of the United States. Specifically, Plaintiff alleges violations of the Fair Labor Standards Act.

10. The Court has supplemental jurisdiction over Plaintiff's claims against Defendants under 28 U.S.C. § 1367(a) because the state and federal claims both derive from Plaintiff's allegations of unpaid commissions, and therefore "from part of the same case or controversy." *See Louis v. Legal Sea Foods, LLC*, No. 19-CV-10218-ADB, 2019 WL 1255487, at *1 (D. Mass. Mar. 19, 2019) (observing that federal courts have supplemental jurisdiction over state law claims if they "derive from a common nucleus of operative fact") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)).

## II. The Court Has Diversity Jurisdiction over this Lawsuit

11. CSC and DXC also remove this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship, since (1) the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (2) there is complete diversity of citizenship between Plaintiff and Defendants CSC and DXC.

12. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

13. At the time of the commencement of this action, and at all relevant times, Plaintiff was an individual residing in the Commonwealth of Massachusetts and is therefore a citizen of Massachusetts for purposes of diversity jurisdiction. 28 U.S.C. § 1332 & 1441(b)(2); Ex. A, Compl. ¶ 8.

14. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

15. DXC Technology Services, LLC is a limited liability company established under the laws of Delaware with its principal place of business in Tysons, Virginia. The sole member of DXC Technology Services, LLC is DXC Technology Company, a corporation established under the laws of Nevada, with its principal place of business in the State of Virginia.

16. CSC is a corporation incorporated under the laws of Nevada, with its principal place of business in the State of Virginia.

17. Plaintiff has not served Defendants H.C. Charles Diao and John Michael Lawrie the Complaint. Upon information and belief, they are not citizens of Massachusetts. Nevertheless, even if they were, removal is still proper here under 28 U.S.C. § 1441(b) because they have not been served. *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass.

2013) ("If a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint.")

18. No properly joined and served Defendant is a resident of the Commonwealth of Massachusetts, and therefore complete diversity exists for purposes of removal.

19. 29 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). To demonstrate that the jurisdictional amount has been met, a removing party need only show that it is more likely than not that the amount in controversy exceeds $75,000. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].").

20. Plaintiff's Complaint does not provide a total amount of damages. Nevertheless, Plaintiff's Civil Action Cover Sheet specifies that Defendants allegedly owe Plaintiff $221,000.00 in unpaid wages, which is in excess of the jurisdictional amount. Ex. A at 7.

21. Satisfaction of the jurisdictional amount is further supported by Plaintiff's claims.

22. In his first claim for relief, Plaintiff alleges that he did not receive approximately $25,000 in commissions in 2017. Ex. A, Compl. ¶ 8. Plaintiff seeks liquidated damages for this claim, which, under Mass. Gen. Laws ch. 149, § 150, is treble the amount of unpaid wages. Treble damages for Plaintiff's first claim are $75,000, which satisfies the jurisdictional amount.

23. In his second claim, Plaintiff additionally alleges that his commission potential in 2018 was $96,000, and that he was deprived commissions in 2018. Plaintiff likewise seeks liquidated damages for this claim under Mass. Gen. Laws ch. 149, § 150. Ex. A, Compl. ¶ 30.

24. Plaintiff also seeks attorneys' fees and costs. Ex. A, Compl. ¶¶ 27, 37, 51. The recovery of attorneys' fees is properly included in the amount in controversy where a statute expressly allows the payment of such fees. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). Here, Plaintiff seeks attorney's fees for his first three claims, which may be awarded under Mass. Gen. Laws ch. 149, § 150 and the Fair Labor Standards Act, 29 U.S.C. § 216(b).

25. In sum, Plaintiff's claims for damages related to allegedly unpaid commissions, liquidated damages, and attorneys' fees clearly satisfy the statutory amount in controversy of $75,000 for diversity jurisdiction. *See* 28 U.S.C. 1446(c).

26. This Court has original subject matter jurisdiction over this action based on 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all parties (Plaintiff and properly joined and served Defendants) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. All Procedural Requirements for Removal are Met

27. The United States District Court for the District of Massachusetts is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441(a), which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction to be removed to the district court of the United States for the district and division embracing the place where the state court action is pending.

28. Defendants CSC and DXC were served with a Summons and a copy of Plaintiff's Complaint on October 7, 2019. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Plaintiff's Complaint, and all other process, pleadings, and orders served on Defendants are attached as Exhibit A.

29.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty days after Defendants CSC and DXC were served with a copy of the initial pleading.

30.  Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and to the Clerk of Court for Bristol County Superior Court, Taunton, Commonwealth of Massachusetts. A copy of the notice is attached hereto as Exhibit B.

31.  Consent of H.C. Charles Dian and John Michael Lowrie to removal is unnecessary because they have not been served the Complaint, and because both diversity and federal question grounds exist for removal. 28 U.S.C. § 1446(b)(2)(A).

32.  Defendants CSC and DXC submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary relief (or that the damages he seeks may be properly sought).

33.  Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully remove this action now pending in the Bristol County Superior Court, Taunton, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Dated: November 6, 2019.

By: */s/ Jason M. Saul*
Jason M. Saul (BBO # 664114)
jsaul@cetllp.com
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, Massachusetts 02210
Phone: 617 217 5500
Fax:  617 217 5200

Charles E. Grell
(Petition to admit *pro hac vice* pending)
HUSCH BLACKWELL LLP
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Tel: 303-749-7200
Fax: 303-749-7272
Chad.Grell@huschblackwell.com

Sonni Fort Nolan
(Petition to admit *pro hac vice* pending)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Tel:     314-345-6176
Fax:    314-480-1505
sonni.nolan@huschblackwell.com

*Attorneys for Defendants Computer Sciences Corporation and DXC Technology Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served electronically on this 6th day of November, 2019 via the Court's CM/ECF system upon:

John L. Fink
Sims & Sims, LLP
53 Arlington Street
Brockton, MA 02301
JohnFink@simsandsimsllp.com
*Attorney for Plaintiff*

/s/ Jason M. Saul