# Exhibit A

# ■■ CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

DXC Technology Services LLC                                        10/08/2019
William Deckelman VP Gen. Csl. & Secy
DXC Technology
1775 TYSONS BLVD FL 9
TYSONS  VA  22102

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2019-20

| 1. | Client Entity: | DXC Technology Services LLC |
|---|---|---|
| 2. | Title of Action: | David Anderson vs. Computer Sciences Corporation, et al. |
| 3. | Document(s) Served: | Summons |
| | | Civil Tracking Order |
| | | Law Firm Letter |
| | | Complaint |
| 4. | Court/Agency: | Bristol County Superior Court |
| 5. | State Served: | Massachusetts |
| 6. | Case Number: | 1973CV00884 |
| 7. | Case Type: | |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Monday 10/7/2019 |
| 10. | Date To Client: | Tuesday 10/8/2019 |
| 11. | # Days When Answer Due: | 20 |
| | Answer Due Date: | 10/27/2019 |
| | | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | SOP Sender: | Sims & Sims, LLP |
| | (Name, City, State, and Phone Number) | Brockton, MA |
| | | 508-747-4108 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 221 |
| 16. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

Exhibit A

## Commonwealth of Massachusetts

BRISTOL, SS.                          TRIAL COURT OF THE COMMONWEALTH
                                      SUPERIOR COURT DEPARTMENT
                                      CIVIL DOCKET NO. _1973CV884_

_David Anderson_, PLAINTIFF(S),

v.

_DXC Technology Services LLC_ DEFENDANT(S)
_Computer Sciences Corporation_

SUMMONS

THIS SUMMONS IS DIRECTED TO _DXC Technology Services LLC_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Bristol Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your signed original response with the Clerk's Office for Civil Business, _Bristol_ Court, _9 Court St. Taunton_ (address), by mail or in person, **AND**

    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _John Fisk 53 Arlington St. Brockton MA 02301_

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

**Commonwealth of Massachusetts**

BRISTOL, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _1973 CV 884_

_David Anderson_ , PLAINTIFF(S),

v.

_Computer Sciences Corporation_ , DEFENDANT(S)
_DXC Technologies_
_et Al._

**SUMMONS**

THIS SUMMONS IS DIRECTED TO _Computer Sciences Corporation_ (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Bristol Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing your signed original response with the Clerk's Office for Civil Business, _Bristol Superior_ Court, _9 Court St, Taunton MA_ (address), by mail or in person, **AND**

    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _John Fisk 53 Arlington St. Brockton MA 02301_

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

Exhibit A

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1973CV00884 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Anderson, David vs. Computer Sciences Corporation et al | | Marc J. Santos, Clerk of Court Bristol County |
| TO: Computer Sciences Corporation 155 Federal St., Suite 700 Boston, MA 02110 | | COURT NAME & ADDRESS Bristol County Superior Court - Taunton 9 Court Street, Rm 13 Taunton, MA 02780 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                              DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/23/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 01/21/2020 | |
| All motions under MRCP 12, 19, and 20 | 01/21/2020 | 02/20/2020 | 03/23/2020 |
| All motions under MRCP 15 | 01/21/2020 | 02/20/2020 | 03/23/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/20/2020 | | |
| All motions under MRCP 56 | 08/18/2020 | 09/17/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/15/2021 |
| Case shall be resolved and judgment shall issue by | | | 09/22/2021 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 09/23/2019 | ASSISTANT CLERK Aaron T Strojny | PHONE |
|---|---|---|

Date/Time Printed: 09-23-2019 14:56:32                                           SCV026\ 08/2016

Exhibit A

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1973CV00884 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Anderson, David vs. Computer Sciences Corporation et al | | Marc J. Santos, Clerk of Court<br>Bristol County |
| TO: DXC Technology Services, LLC<br>155 Federal St., Suite 700<br>Boston, MA 02110 | | COURT NAME & ADDRESS<br>Bristol County Superior Court - Taunton<br>9 Court Street, Rm 13<br>Taunton, MA 02780 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                                       DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/23/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 01/21/2020 | |
| All motions under MRCP 12, 19, and 20 | 01/21/2020 | 02/20/2020 | 03/23/2020 |
| All motions under MRCP 15 | 01/21/2020 | 02/20/2020 | 03/23/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 07/20/2020 | | |
| All motions under MRCP 56 | 08/18/2020 | 09/17/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/15/2021 |
| Case shall be resolved and judgment shall issue by | | | 09/22/2021 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>09/23/2019 | ASSISTANT CLERK<br>Aaron T Strojny | PHONE |
|---|---|---|

Date/Time Printed: 09-23-2019 14:55:32                                    SCV026\ 08/2018

Exhibit A


COUNSELORS AT LAW

WILLIAM H. SIMS, *Esq*
JOHN N. CANNAVO, *Esq*

JOHN L. FINK, *Esq.*
MICHAEL F. DRYWA, JR., *Esq*
*(Of Counsel), *Also Admitted in RI*

Civil Clerk
Bristol Superior Court
9 Court St.
Taunton, MA 02780

In re:  initial filing, David Anderson v. Computer Sciences Corporation DXC Technology
Services LLC H.C. Charles Diao JOHN MICHAEL LAWRIE

Dear Sir/Madam:

    With reference to the above-entitled matter, enclosed for filing please find:

    1. Plaintiff's Civil Action Cover Sheet
    2. Plaintiff's Complaint
    3. A check made payable to Bristol Superior court in the amount of $290 comprising the
cost for filing and threes summons.

    Please return the summonses to me at your earliest. Please do not hesitate to contact me
with any questions or to alert me to any omissions I may have made.  Thank you for your
attention and cooperation in this matter.

Sincerely,

John L. Fink, Esq.

Enclosures as stated

53 Arlington Street • Brockton, MA 02301  • (t) 508.588.6900
18 Main Street Extension • Plymouth, MA 02360 • (t) 508.747.4108 • (f) 508.586.3320
w w w . s i m s a n d s i m s l l p . c o m
*Please direct all correspondence to the Brockton Office.*

Exhibit A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | |
|---|---|
| PLAINTIFF(S): David Anderson | COUNTY Bristol |
| ADDRESS: Raynham MA | |
| | DEFENDANT(S): CSC Corp |
| | DXC Technologia Services LLC |
| ATTORNEY: John Fink | H.C. Charles Dino; John Michaelli |
| ADDRESS: 53 Arlington St. | ADDRESS: |
| Brockton MA 02301 | 155 Federal St ste 700 |
| | Boston MA 02110 |
| BBO: 683290 | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Wage | F | ☑ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?     ☐ YES   ☑ NO

Is this a class action under Mass. R. Civ. P. 23?     ☐ YES   ☑ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ................................................................. $ _____
    2. Total doctor expenses .................................................................. $ _____
    3. Total chiropractic expenses ......................................................... $ _____
    4. Total physical therapy expenses ................................................. $ _____
    5. Total other expenses (describe below) ....................................... $ _____
                                         Subtotal (A): $ _____

B. Documented lost wages and compensation to date ........................................ $ _____
C. Documented property damages to date ......................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ...................... $ _____
E. Reasonably anticipated lost wages .............................................................. $ _____
F. Other documented items of damages (describe below) .................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                        TOTAL (A-F): $ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement, Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

    Unpaid wages
                                                            TOTAL: $ 221,000.00

Signature of Attorney/ Unrepresented Plaintiff: X _____     Date: 9/20/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: _____

Exhibit A

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

BRISTOL, ss.

Bristol Superior Court
Division of the Trial Court

---

David Anderson,

Plaintiff,

v.

Computer Sciences Corporation
DXC Technology Services LLC
H.C. Charles Diao
JOHN MICHAEL LAWRIE
Defendants.

**COMPLAINT**
**JURY TRIAL DEMANDED**

---

Plaintiff, David Anderson, by and through his attorney, John L. Fink, as and for his

Complaint, alleges of his own knowledge and conduct and upon information and belief as to all

other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff worked as a Delivery Executive and as Account Executive for the Defendant

   Computer Sciences Corporation ("CSC") from November 1991 through March 1, 2019, which

   merged with Defendant DXC Technology in April 2017. The Plaintiff alleges the Defendants

   failed to pay earned commission relative to Fiscal Year 2017, 2018, and 2019. Plaintiff was

   on a 60/40 Incentive Compensation Plan, wherein he was to be paid 60% of his income as a

   base salary and 40% in the form of commission. For Fiscal Year 2017 the Defendant arbitrarily

   and bad faith raised his target goals for the year on the 51st week of the year. But for the last

   minute change the Plaintiff would have earned substantially more in commission. In FY 2018

   the Defendant failed to set target goals and never informed the Plaintiff that the commission

   structure had been removed and he would be earning only his base salary. In FY 2019 the

1

Plaintiff was informed there would be a new bonus plan and worked in reliance on that representation, but again did not receive a commission.

2. Plaintiff brings this action to recover monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees as a result of Defendants' violation of the Fair Labor Standards ("FLSA") and Massachusetts Wage and Hour laws (M.G.L. c. 149 §148, and M.G.L. c. 151 §1A).

3. Plaintiff has obtained a private right of action from the Attorney General, attached hereto.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Superior Court because the amount claimed for damages, before trebling and reasonable attorney's fees, is more than $25,000 and the Plaintiff lived and worked in Bristol County.

## THE PARTIES

5. Defendant Computer Sciences Corporation is a Nevada Corporation with a principal place of business at 1775 Tysons Blvd. Tysons VA 22102, and a registered agent for service of process of CT Corporation System 155 Federal St. STE 700 Boston, MA 02110.

6. Defendant DXC Technology Services LLC ("DXC") is a Delaware Limited Liability Company with a principal place of business at 1775 Tysons Blvd. Tysons VA 22102, and a registered agent for service of process of CT Corporation System 155 Federal St. STE 700 Boston, MA 02110. On information and belief the Defendant DXC merged with Defendant CSC on April 3, 2017.

7. Defendant H.C. Charles Diao is the President of both corporate Defendants. John Michael Lawrie was the President and Director of CSC during the relevant time periods. Plaintiff does not know the home address of the individual defendants.

2

8. The Plaintiff, David Anderson,, is an individual who resides in Raytham, Massachusetts. Plaintiff was formerly employed by the Defendant Corporations, CSC and DXC as a Delivery Executive and as Account Executive from approximately November 1991 through March 1, 2019.

### FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges previous paragraphs of the Complaint as if fully set forth herein.

10. At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

11. The primary job responsibilities of the Plaintiff were to administer accounts, maintain relationships, run the accounts assigned to him, keep up customer satisfaction and maintain/increase the yearly revenue and operating income of his accounts for the corporate Defendants.

12. During Plaintiff's employment, the Defendants directly or indirectly hired the Plaintiff; controlled his work schedule and conditions of employment; determined the rate and method of the payment of his wages; and kept at least some records regarding the Plaintiff's employment.

13. At all times material and relevant herein, Defendants controlled the work schedule, duties, protocols, applications, assignments and conditions of employment of Plaintiff.

14. Plaintiff worked largely from his home in Raytham Massachusetts.

15. As part of the Plaintiff's wages and compensation the Plaintiff received performance-based incentives calculated on his annual performance and sales.

16. The Plaintiff's wages were set to a 60/40 plan by the Defendants in FY 2017. Plaintiff was to receive approximately 40% of his annual compensation in commissions earned at the end of the Fiscal Year.

3

### FIRST CLAIM FOR RELIEF FISCAL YEAR 2017
**(Claims for Violation of Massachusetts Wage and Hour Law and the FLSA)**

17. Plaintiff repeats and realleges previous paragraphs of the Complaint as if fully set forth herein.

18. Defendant failed to pay Plaintiff his contracted sales/incentive compensation as contemplated in his employment agreement and required by G.L. c. 149 section 148.

19. Plaintiff was due an annual wage of approximately $144,000 per year from the Defendants during Fiscal Year 2017.

20. Plaintiff's incentive plan was detailed in the CSC Sales Incentive Compensation Plan for FY 2017.

21. Plaintiff's commissions were dependent upon several factors including targets.

22. In bad-faith, the Defendant Corporations adjusted the Plaintiff's financial target in the 51st week of the Fiscal year, which resulted in the Plaintiff receiving a much smaller commission.

23. Plaintiff estimates the change resulted in approximately $25,000 being removed from his commission.

24. Defendant's proffered no reason for the abrupt and sudden change to the Plaintiff's compensation.

25. The amount of unpaid wages was definitely determined and arithmetically determinable.

26. The Plaintiff's incentive pay was set to be paid in June or July or 2017.

27. As a result of the foregoing, Plaintiff was illegally deprived of regular compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation.

4

Exhibit A

## SECOND CLAIM FOR RELIEF FISCAL YEAR 2018
### (Claims for Violation of Massachusetts Wage and Hour Law and the FLSA)

28. Plaintiff repeats and realleges previous paragraphs of the Complaint as if fully set forth herein.

29. Defendant failed to pay Plaintiff his contracted sales/incentive compensation as contemplated in his employment agreement and required by G.L. c. 149 section 148.

30. Plaintiff was due an annual wage of approximately $144,00 per year from the Defendants during Fiscal Year 2018.  Plaintiff's salary was set to 60/40 with a commission potential of approximately $96,000 with various escalators for hitting his targets.

31. Plaintiff's incentives were again dependent upon meeting certain targets.

32. Plaintiff did not receive an updated incentive plan for FY2018.

33. Plaintiff relied on his prior pay and earned incentives as well as the Defendants course of conduct in providing updated plans late.

34. Plaintiff met all of his sales targets for FY2018.

35. Defendant, however, had failed to track the Plaintiff's figures in the software "Sales Force" and reported that the Plaintiff had not met his incentive plan.

36. Defendant's conduct and practices, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

37. As a result of the foregoing, Plaintiff was illegally deprived of regular compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation.

## THIRD CLAIM FOR RELIEF FISCAL YEAR 2019
### (Claims for Violation of Massachusetts Wage and Hour Law and the FLSA)

38. Plaintiff repeats and realleges previous paragraphs of the Complaint as if fully set forth herein.

39. Defendant failed to pay Plaintiff his contracted sales/incentive compensation as contemplated in his employment agreement and required by G.L. c. 149 section 148.

40. Plaintiff was due an annual wage of approximately $144,000 per year from the Defendants during Fiscal Year 2019.

41. Plaintiff's incentives were again dependent upon meeting certain targets.

42. Plaintiff did not receive an updated incentive plan for FY2019.

43. Plaintiff relied on his prior pay and earned incentives as well as the Defendants course of conduct in providing updated plans late.

44. Defendants assured the Plaintiff they would be engaging a new incentive plan and continued to keep him on a "60/40" plan.

45. Plaintiff was never provided with new targets to meet.

46. Plaintiff was never informed he would not be receiving an incentive for FY2019.

47. Plaintiff worked the entire FY2019.

48. Plaintiff did not receive any incentive pay for FY2019.

49. The incentive plan for FY2017 was never updated or revoked by the Defendant.

50. Defendant's conduct and practices, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

51. As a result of the foregoing, Plaintiff was illegally deprived of regular compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation.

6

Exhibit A

## FOURTHCLAIM FOR RELIEF
### (Breach of Contract)

52. Plaintiff hereby incorporates all prior allegations as alleged in the proceeding paragraphs.

53. Plaintiff agreed to work with an annual incentive plan over the course of his employment, he completed all requirements of his incentive plan.

54. Plaintiff did not receive all of his earned incentive pay according to the incentive plan.

55. Plaintiff worked and achieved above and beyond the minimal requirements in reliance on his incentive pay.

56. By virtue of the Plaintiff's work the Defendant actually benefited.

57. Plaintiff's uncompensated efforts constituted a breach of contract.

58. As result of the foregoing, the Plaintiff was actually injured.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:
   A. Judgment for damages for all unpaid regular wages and overtime compensation under the applicable law and the relating regulations.
   B. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to the Plaintiff during the applicable statutory period.
   C. Judgment for liquidated damages pursuant to the Massachusetts Wage and Hour Laws G.L c. 149 sec. 148, 150, as detailed in this complaint, and the relating regulations.
   D. Judgment for any and all civil penalties to which Plaintiffs may be entitled.
   E. Such other and further relief as to this Court may deem necessary, just and proper.

7

Exhibit A

Respectfully Submitted:
Plaintiff, David Anderson,
by His Attorney:

Friday, September 20, 2019

John L. Fink (B.B.O. #683290)
Sims & Sims, LLP
53 Arlington Street
Brockton, MA. 02301
Tel. (508) 588-6900
Fax (508) 586-3320
JohnFink@simsandsimsllp.com

8



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

Attorney John Fink
Sims & Sims, LLP
53 Arlington Street
Brockton, MA  02301

June 7, 2019

RE:    David Anderson
       Request for Private Right of Action against Computer Sciences Corporation, and DXC
Technology Services, LLC

Dear Attorney Fink:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a
private right of action for employees who believe they are victims of certain violations of the
state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private
civil lawsuit.  If you elect to sue in civil court, you may bring an action on your own or your
clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465

Exhibit A

OCT 07 2019



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

Computer Sciences Corporation                                    10/08/2019
William Deckelman VP Gen. Csl. & Secy
DXC Technology
1775 TYSONS BLVD FL 9
TYSONS  VA  22102

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2019-21

| 1. | Client Entity: | Computer Sciences Corporation |
|---|---|---|
| 2. | Title of Action: | David Anderson vs. Computer Sciences Corporation, et al. |
| 3. | Document(s) Served: | Summons<br>Civil Tracking Order<br>Law Firm Letter<br>Complaint |
| 4. | Court/Agency: | Bristol County Superior Court |
| 5. | State Served: | Massachusetts |
| 6. | Case Number: | 1973CV00884 |
| 7. | Case Type: | |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Monday 10/7/2019 |
| 10. | Date To Client: | Tuesday 10/8/2019 |
| 11. | # Days When Answer Due: 20<br>Answer Due Date: 10/27/2019 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | SOP Sender:<br>(Name, City, State, and Phone Number) | Sims & Sims, LLP<br>Brockton, MA<br>508-747-4108 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 221 |
| 16. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410    Tel: (561) 694-8107    Fax: (561) 694-1639
www.CorporateCreations.com

Exhibit A

# Commonwealth of Massachusetts

BRISTOL, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _1973CV884_

_David Anderson_ , PLAINTIFF(S),

v.

_Computer Sciences Corporation_, DEFENDANT(S)
_DXC Technologies_
_et Al._

**SUMMONS**

THIS SUMMONS IS DIRECTED TO _Computer Sciences Corporation_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Bristol Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your signed original response with the Clerk's Office for Civil Business, _Bristol Superior_ Court, _9 Court St, Taunton MA_ (address), by mail or in person, **AND**
    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _John Fink 53 Arlington St, Brockton MA 02301_

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

Exhibit A

# Commonwealth of Massachusetts

BRISTOL, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *1973CV884*

_David Anderson_, PLAINTIFF(S),

v.

_DXC Technology services LLC_, DEFENDANT(S)
_Computer Sciences Corporation_

**SUMMONS**

THIS SUMMONS IS DIRECTED TO _DXC Technology Services LLC_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Bristol Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Bristol_ Court,
   _9 Court St. Taunton MA_ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
   address: _John Fisk 53 Arlington St. Brockton MA 02301_

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
**"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rules of court.

Exhibit A

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1973CV00884 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Anderson, David vs. Computer Sciences Corporation et al. | | Marc J. Santos, Clerk of Court<br>Bristol County |
| TO: Computer Sciences Corporation<br>155 Federal St., Suite 700<br>Boston, MA 02110 | | COURT NAME & ADDRESS<br>Bristol County Superior Court - Taunton<br>9 Court Street, Rm 13<br>Taunton, MA 02780 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                   DEADLINE

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/23/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 01/21/2020 | |
| All motions under MRCP 12, 19, and 20 | 01/21/2020 | 02/20/2020 | 03/23/2020 |
| All motions under MRCP 15 | 01/21/2020 | 02/20/2020 | 03/23/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 07/20/2020 | | |
| All motions under MRCP 56 | 08/18/2020 | 09/17/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/15/2021 |
| Case shall be resolved and judgment shall issue by | | | 09/22/2021 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED<br>09/23/2019 | ASSISTANT CLERK<br>Aaron T Strojny | PHONE |
|---|---|---|

Date/Time Printed: 09-23-2019 14:56:02                                                    SCV026l 68/2018

Exhibit A

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1973CV00884 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Anderson, David vs. Computer Sciences Corporation et al | Marc J. Santos, Clerk of Court<br>Bristol County |
|---|---|
| TO: DXC Technology Services, LLC<br>155 Federal St., Suite 700<br>Boston, MA 02110 | COURT NAME & ADDRESS<br>Bristol County Superior Court - Taunton<br>9 Court Street, Rm 13<br>Taunton, MA 02780 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/23/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 01/21/2020 | |
| All motions under MRCP 12, 19, and 20 | 01/21/2020 | 02/20/2020 | 03/23/2020 |
| All motions under MRCP 15 | 01/21/2020 | 02/20/2020 | 03/23/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/20/2020 | | |
| All motions under MRCP 56 | 08/18/2020 | 09/17/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/15/2021 |
| Case shall be resolved and judgment shall issue by | | | 09/22/2021 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>09/23/2019 | ASSISTANT CLERK<br>Aaron T Strojny | PHONE |
|---|---|---|

Date/Time Printed: 09-23-2019 14:50:32

SCV026: 08/2016

Exhibit A



WILLIAM H. SIMS, *Esq*
JOHN N. CANNAVO, *Esq*

JOHN L. FINK, *Esq*
MICHAEL F. DRYWA, JR., *Esq*
*(Of Counsel). *Also Admitted in RI*

Civil Clerk
Bristol Superior Court
9 Court St.
Taunton, MA 02780

In re:  initial filing, David Anderson v. Computer Sciences Corporation DXC Technology
Services LLC H.C. Charles Diao JOHN MICHAEL LAWRIE

Dear Sir/Madam:

With reference to the above-entitled matter, enclosed for filing please find:

1. Plaintiff's Civil Action Cover Sheet
2. Plaintiff's Complaint
3. A check made payable to Bristol Superior court in the amount of $290 comprising the
cost for filing and threes summons.

Please return the summonses to me at your earliest. Please do not hesitate to contact me
with any questions or to alert me to any omissions I may have made.  Thank you for your
attention and cooperation in this matter.

Sincerely,

John L. Fink, Esq.

Enclosures as stated

**53 Arlington Street** • **Brockton, MA 02301**  • **(t)** 508.588.6900
18 Main Street Extension • Plymouth, MA 02360 • (t) 508.747.4108 • (f) 508.586.3320
w w w . s i m s a n d s i m s l l p . c o m

*Please direct all correspondence to the Brockton Office.*

Exhibit A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court | eFile |
|---|---|---|---|

| PLAINTIFF(S): David Anderson | COUNTY Bristol | ☐ |
|---|---|---|
| ADDRESS: Raynham MA | | |
| | DEFENDANT(S): CSC Corp | |
| | DXC Technology Services LLC | |
| | HC Charles Diao; John Michaell | |
| ATTORNEY: John Fink | | |
| ADDRESS: 53 Arlington St. | ADDRESS: | |
| Brockton MA 02301 | 155 Federal St ste 700 | |
| | Boston MA 02110 | |
| BBO: 683290 | | |

**TYPE OF ACTION AND TRACK DESIGNATION** (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Wage | F | ☑ YES   ☐ NO |

"If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☑ NO         Is this a class action under Mass. R. Civ. P. 23?   ☐ YES   ☑ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................... $
2. Total doctor expenses ................................................................................................. $
3. Total chiropractic expenses ......................................................................................... $
4. Total physical therapy expenses .................................................................................. $
5. Total other expenses (describe below) ......................................................................... $
                                                                                    Subtotal (A): $

B. Documented lost wages and compensation to date ........................................................ $
C. Documented property damages to date ......................................................................... $
D. Reasonably anticipated future medical and hospital expenses ......................................... $
E. Reasonably anticipated lost wages .............................................................................. $
F. Other documented items of damages (describe below) ................................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                    TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

Unpaid wages                                                                TOTAL: $ 221,000.00

Signature of Attorney/ Unrepresented Plaintiff: X _____        Date: 9/20/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____        Date:

Exhibit A

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

BRISTOL, ss.

Bristol Superior Court
Division of the Trial Court

David Anderson,

Plaintiff,

v.

Computer Sciences Corporation
DXC Technology Services LLC
H.C. Charles Diao
JOHN MICHAEL LAWRIE
Defendants.

**COMPLAINT
JURY TRIAL DEMANDED**

Plaintiff, David Anderson, by and through his attorney, John L. Fink, as and for his

Complaint, alleges of his own knowledge and conduct and upon information and belief as to all

other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff worked as a Delivery Executive and as Account Executive for the Defendant

   Computer Sciences Corporation ("CSC") from November 1991 through March 1, 2019, which

   merged with Defendant DXC Technology in April 2017. The Plaintiff alleges the Defendants

   failed to pay earned commission relative to Fiscal Year 2017, 2018, and 2019. Plaintiff was

   on a 60/40 Incentive Compensation Plan, wherein he was to be paid 60% of his income as a

   base salary and 40% in the form of commission. For Fiscal Year 2017 the Defendant arbitrarily

   and bad faith raised his target goals for the year on the 51st week of the year. But for the last

   minute change the Plaintiff would have earned substantially more in commission. In FY 2018

   the Defendant failed to set target goals and never informed the Plaintiff that the commission

   structure had been removed and he would be earning only his base salary. In FY 2019 the

1

Exhibit A

Plaintiff was informed there would be a new bonus plan and worked in reliance on that representation, but again did not receive a commission.

2. Plaintiff brings this action to recover monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees as a result of Defendants' violation of the Fair Labor Standards ("FLSA") and Massachusetts Wage and Hour laws (M.G.L. c. 149 §148, and M.G.L. c. 151 §1A).

3. Plaintiff has obtained a private right of action from the Attorney General, attached hereto.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Superior Court because the amount claimed for damages, before trebling and reasonable attorney's fees, is more than $25,000 and the Plaintiff lived and worked in Bristol County.

## THE PARTIES

5. Defendant Computer Sciences Corporation is a Nevada Corporation with a principal place of business at 1775 Tysons Blvd. Tysons VA 22102, and a registered agent for service of process of CT Corporation System 155 Federal St. STE 700 Boston, MA 02110.

6. Defendant DXC Technology Services LLC ("DXC") is a Delaware Limited Liability Company with a principal place of business at 1775 Tysons Blvd. Tysons VA 22102, and a registered agent for service of process of CT Corporation System 155 Federal St. STE 700 Boston, MA 02110. On information and belief the Defendant DXC merged with Defendant CSC on April 3, 2017.

7. Defendant H.C. Charles Diao is the President of both corporate Defendants. John Michael Lawrie was the President and Director of CSC during the relevant time periods. Plaintiff does not know the home address of the individual defendants.

2

Exhibit A

8. The Plaintiff, David Anderson,, is an individual who resides in Raytham, Massachusetts. Plaintiff was formerly employed by the Defendant Corporations, CSC and DXC as a Delivery Executive and as Account Executive from approximately November 1991 through March 1, 2019.

## FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges previous paragraphs of the Complaint as if fully set forth herein.

10. At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

11. The primary job responsibilities of the Plaintiff were to administer accounts, maintain relationships, run the accounts assigned to him, keep up customer satisfaction and maintain/increase the yearly revenue and operating income of his accounts for the corporate Defendants.

12. During Plaintiff's employment, the Defendants directly or indirectly hired the Plaintiff; controlled his work schedule and conditions of employment; determined the rate and method of the payment of his wages; and kept at least some records regarding the Plaintiff's employment.

13. At all times material and relevant herein, Defendants controlled the work schedule, duties, protocols, applications, assignments and conditions of employment of Plaintiff.

14. Plaintiff worked largely from his home in Raytham Massachusetts.

15. As part of the Plaintiff's wages and compensation the Plaintiff received performance-based incentives calculated on his annual performance and sales.

16. The Plaintiff's wages were set to a 60/40 plan by the Defendants in FY 2017. Plaintiff was to receive approximately 40% of his annual compensation in commissions earned at the end of the Fiscal Year.

3

Exhibit A

## FIRST CLAIM FOR RELIEF FISCAL YEAR 2017
### (Claims for Violation of Massachusetts Wage and Hour Law and the FLSA)

17. Plaintiff repeats and realleges previous paragraphs of the Complaint as if fully set forth herein.

18. Defendant failed to pay Plaintiff his contracted sales/incentive compensation as contemplated in his employment agreement and required by G.L. c. 149 section 148.

19. Plaintiff was due an annual wage of approximately $144,000 per year from the Defendants during Fiscal Year 2017.

20. Plaintiff's incentive plan was detailed in the CSC Sales Incentive Compensation Plan for FY 2017.

21. Plaintiff's commissions were dependent upon several factors including targets.

22. In bad-faith, the Defendant Corporations adjusted the Plaintiff's financial target in the 51st week of the Fiscal year, which resulted in the Plaintiff receiving a much smaller commission.

23. Plaintiff estimates the change resulted in approximately $25,000 being removed from his commission.

24. Defendant's proffered no reason for the abrupt and sudden change to the Plaintiff's compensation.

25. The amount of unpaid wages was definitely determined and arithmetically determinable.

26. The Plaintiff's incentive pay was set to be paid in June or July or 2017.

27. As a result of the foregoing, Plaintiff was illegally deprived of regular compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation.

4

Exhibit A

## SECOND CLAIM FOR RELIEF FISCAL YEAR 2018
### (Claims for Violation of Massachusetts Wage and Hour Law and the FLSA)

28. Plaintiff repeats and realleges previous paragraphs of the Complaint as if fully set forth herein.

29. Defendant failed to pay Plaintiff his contracted sales/incentive compensation as contemplated in his employment agreement and required by G.L. c. 149 section 148.

30. Plaintiff was due an annual wage of approximately $144,00 per year from the Defendants during Fiscal Year 2018. Plaintiff's salary was set to 60/40 with a commission potential of approximately $96,000 with various escalators for hitting his targets.

31. Plaintiff's incentives were again dependent upon meeting certain targets.

32. Plaintiff did not receive an updated incentive plan for FY2018.

33. Plaintiff relied on his prior pay and earned incentives as well as the Defendants course of conduct in providing updated plans late.

34. Plaintiff met all of his sales targets for FY2018.

35. Defendant, however, had failed to track the Plaintiff's figures in the software "Sales Force" and reported that the Plaintiff had not met his incentive plan.

36. Defendant's conduct and practices, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

37. As a result of the foregoing, Plaintiff was illegally deprived of regular compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation.

5

## THIRD CLAIM FOR RELIEF FISCAL YEAR 2019
### (Claims for Violation of Massachusetts Wage and Hour Law and the FLSA)

38. Plaintiff repeats and realleges previous paragraphs of the Complaint as if fully set forth herein.

39. Defendant failed to pay Plaintiff his contracted sales/incentive compensation as contemplated in his employment agreement and required by G.L. c. 149 section 148.

40. Plaintiff was due an annual wage of approximately $144,000 per year from the Defendants during Fiscal Year 2019.

41. Plaintiff's incentives were again dependent upon meeting certain targets.

42. Plaintiff did not receive an updated incentive plan for FY2019.

43. Plaintiff relied on his prior pay and earned incentives as well as the Defendants course of conduct in providing updated plans late.

44. Defendants assured the Plaintiff they would be engaging a new incentive plan and continued to keep him on a "60/40" plan.

45. Plaintiff was never provided with new targets to meet.

46. Plaintiff was never informed he would not be receiving an incentive for FY2019.

47. Plaintiff worked the entire FY2019.

48. Plaintiff did not receive any incentive pay for FY2019.

49. The incentive plan for FY2017 was never updated or revoked by the Defendant.

50. Defendant's conduct and practices, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

51. As a result of the foregoing, Plaintiff was illegally deprived of regular compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation.

6

## FOURTHCLAIM FOR RELIEF
### (Breach of Contract)

52. Plaintiff hereby incorporates all prior allegations as alleged in the proceeding paragraphs.

53. Plaintiff agreed to work with an annual incentive plan over the course of his employment, he completed all requirements of his incentive plan.

54. Plaintiff did not receive all of his earned incentive pay according to the incentive plan.

55. Plaintiff worked and achieved above and beyond the minimal requirements in reliance on his incentive pay.

56. By virtue of the Plaintiff's work the Defendant actually benefited.

57. Plaintiff's uncompensated efforts constituted a breach of contract.

58. As result of the foregoing, the Plaintiff was actually injured.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. Judgment for damages for all unpaid regular wages and overtime compensation under the applicable law and the relating regulations.

B. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to the Plaintiff during the applicable statutory period.

C. Judgment for liquidated damages pursuant to the Massachusetts Wage and Hour Laws G.L c. 149 sec. 148, 150, as detailed in this complaint, and the relating regulations.

D. Judgment for any and all civil penalties to which Plaintiffs may be entitled.

E. Such other and further relief as to this Court may deem necessary, just and proper.

7

Respectfully Submitted:
Plaintiff, David Anderson,
by His Attorney:

Friday, September 20, 2019

John L. Fink (B.B.O. #683290)
Sims & Sims, LLP
53 Arlington Street
Brockton, MA. 02301
Tel. (508) 588-6900
Fax (508) 586-3320
JohnFink@simsandsimsllp.com

8

Exhibit A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

Attorney John Fink
Sims & Sims, LLP
53 Arlington Street
Brockton, MA  02301

June 7, 2019

RE:   David Anderson
       Request for Private Right of Action against Computer Sciences Corporation, and DXC
Technology Services, LLC

Dear Attorney Fink:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a
private right of action for employees who believe they are victims of certain violations of the
state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private
civil lawsuit.  If you elect to sue in civil court, you may bring an action on your own or your
clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465

Exhibit A

OCT 0 7 2019

Exhibit A