IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| David Anderson,<br><br>    Plaintiff,<br>v.<br><br>Computer Sciences Corporation<br>DXC Technology Services LLC<br>H.C. Charles Diao<br>JOHN MICHAEL LAWRIE<br>    Defendants. | 1:19-cv-12283-PBS<br><br><br>JOINT STATEMENT REGARDING<br>PRETRIAL SCHEDULE |

The parties submit this Joint Statement ("Statement") pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and the Court's Notice of Scheduling Conference, which is set for December 4, 2019 at 2:30 pm.

## I.    PRETRIAL SCHEDULE AND DISCOVERY PLAN

On November 6, 2019, this case was removed to this Court. Computer Sciences Corporation ("CSC") and DXC Technology Services LLC ("DXC") will be filing their Answers to Plaintiff's Complaint on December 4, 2019. ECF Doc. 6. Undersigned counsel for CSC and DXC will be representing H.C. Charles Diao and John Michael Lawrie and has agreed to waive and accept service on their behalf. The parties agree on and request that the Court approve the following proposed Pretrial Schedule and Discovery Plan:

| Task | Due within ___ days of Initial Case Management Conference |
|---|---|
| Initial Disclosures by Plaintiff, DXC and CSC | 14 days |
| Initial Disclosures by Lawrie and Diao | 100 days |
| Amendments to Pleadings | 110 days |
| Requests for production of documents and interrogatories for Phase 1 discovery between Plaintiff and CSC/DXC must be served by | 45 days |
| Requests for production of documents and interrogatories for Phase 2 discovery must be served by | 120 days |
| Requests for admission must be served | 200 days |
| Depositions, other than expert discovery must be completed | 210 days |
| All discovery, other than expert discovery, must be completed | 240 days |

DocID: 4839-6684-3821.2

| Status Conference | TBD by court |
| --- | --- |
| Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) by | 270 days |
| Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) by | 300 days |
| Expert depositions concluded by | 330 days |
| Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by | 350 days |
| Pretrial Conference | TBD by Court |

## II.     II. PENDING MOTIONS

There are no pending Motions at the time of the filing of this Statement, but the parties anticipate filing a Motion for Entry of a Protective Order before or shortly after the Scheduling Conference. In addition, Plaintiff will not be pursuing his Fair Labor Standards Act claim, which the parties will also be addressing shortly.

## III.    III. AGENDA OF ITEMS TO DISCUSS

Service of Process: Undersigned counsel for CSC and DXC will be representing Mr. Diao and Mr. Lawrie and has agreed to waive and accept service. That process is underway.

Bifurcated discovery: The parties will conduct two phases of discovery. During the first phase, the parties will gather documents essential to making an initial assessment of Plaintiff's wage and breach of contract claims. Discovery requests during this phase will only involve Plaintiff and CSC and DXC. During the second phase, the parties will conduct the remaining discovery that is needed for trial, including taking depositions.

Timing and availability of court sponsored mediation

## IV.    III. TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by a magistrate judge.

## V.     IV. CERTIFICATIONS UNDER LOCAL RULE 16.1(D)(3)

The parties' each separately certify as by required by Local Rule 16.1(D)(3) that party's counsel have conferred (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses--of the litigation; and (b) to consider

the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

WHEREFORE, the parties respectfully request that the Court approve their Proposed Pretrial Schedule and Discovery Plan, with such amendments as the Court deems just and proper.

Respectfully submitted,

[*Signature Page Follows*]

Counsel for Plaintiff:

*/s/ John L. Fink*
John Fink (BBO # 683290)
SIMS & SIMS, LLP
53 Arlington Street
Brockton, MA 02301
Tel. (508) 588-6900
Fax (508) 586-3320
Email: johnfink@simsandsimsllp.com


Counsel for Defendants:

*/s/ Charles E. Grell*
Charles E. Grell (Admitted *pro hac vice*)
HUSCH BLACKWELL LLP
1801 Wewatta Street, Suite 1000
Denver, CO  80202
Tel: 303-749-7200
Fax: 303-749-7272
Chad.Grell@huschblackwell.com

Sonni Fort Nolan (Admitted *pro hac vice* )
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Tel: 314-345-6176
Fax: 314-480-1505
sonni.nolan@huschblackwell.com

Jason M. Saul (BBO# 664114)
Karlene E. Manley (BBO# 694533)
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Phone: (617) 217-5214
Fax: (617) 217-5200
jsaul@cetllp.com
kmanley@cetllp.com

## **CERTIFICATE OF SERVICE**

      The undersigned counsel for the Defendants hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record to those registered to receive a Notice of Electronic Filing for this case.

DATED: November 26, 2019

                                              */s/ Charles E. Grell*

                                              Charles E. Grell