IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-cv-12283-PBS |
| ) | |
| COMPUTER SCIENCES ) | |
| CORPORATION, DXC TECHNOLOGY ) | |
| SERVICES LLC, ) | |
| H.C. CHARLES DIAO, and ) | |
| JOHN MICHAEL LAWRIE, ) | |
| ) | |
| Defendants. ) | |

## CASE PROTECTIVE ORDER

The Court hereby Orders as follows:

**I. DISCOVERY PHASE**

A. If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "**CONFIDENTIAL**." Information designated as "CONFIDENTIAL" means any information that is comprised of trade secrets or commercial information which (1) is not publicly known, (2) is of a technical or commercial advantage to its possessor, and (3) is the

subject of reasonable protective efforts by the possessor. CONFIDENTIAL materials shall also include any personnel files or sensitive information of any of Defendants' former or current employees, excluding Plaintiff. Finally, CONFIDENTIAL materials shall also include any documents for which the Producing Party is subject to any confidentiality agreements or obligations imposed by law.

B. The individual or entity designating the document or materials as "**CONFIDENTIAL**" must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as "**CONFIDENTIAL**," the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked "**CONFIDENTIAL**".

C. The inadvertent production of any information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information. Promptly upon discovery of the production of documents that should have been marked "**CONFIDENTIAL**", the producing party shall provide a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed "**CONFIDENTIAL**" and should be treated as such in accordance with the provisions of this Order. The substitute copy shall be in the electronic

format originally provided. Each receiving person must treat such information "**CONFIDENTIAL**" in accordance with the notice from the date such notice is received. Disclosure of such "**CONFIDENTIAL**" information prior to the receipt of such notice, if known, shall be reported to the producing party and shall not be deemed a violation of this Order.

      D.      If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

      E.      No party or attorney or other person subject to this Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, except in accordance with this Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

      F.      Any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. "**CONFIDENTIAL**" information shall not be used for any other purpose, including, without limitation, any business of competitive purpose. Nothing contained in this Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any deposition taken in this action.

      G.      If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working

on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following: (1) provide a copy of this Protective Order to the person to whom disclosure is made; (2) inform the person to whom disclosure is made that s/he is bound by this Protective Order; (3) require the person to whom disclosure is made to sign and return the Affidavit attached as Exhibit A to the party or attorney wishing to disclose CONFIDENTIAL information; (4) instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material; and (5) maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person.

      H.    The inadvertent production of any information during discovery in this action shall be without prejudice to any claim that such information is subject to the attorney-client privilege or is protected from discovery as attorney work product.  No Party shall be held to have waived any rights by such inadvertent production.  Upon notification of inadvertent production, the receiving party shall not use or divulge the contents of such information unless subsequently agreed to by the producing party or permitted by the Court; provided, however, that the producing party claiming the inadvertent production has first provided the receiving party with a privilege log identifying the basis for the claimed privilege as well as the authors and recipients of the documents.  Any such inadvertently produced information shall be returned by the receiving party promptly after receiving a written request for its return and the identification of the information on a privilege log.  The receiving party retains the right to challenge the information as having been inadvertently produced or, if inadvertently produced, as protected from discovery on grounds of privilege or work product.

I.     If any person or entity in possession of **"CONFIDENTIAL"** information or material under this Order becomes required by law, regulation, or order of a court or governmental entity to disclose any information has been produced to it under the terms of this Order, such person or entity will reasonably notify the other parties, in writing, so that the original producing party has an opportunity to prevent or restrict such disclosure.  The party required to disclose any **"CONFIDENTIAL"** information shall use commercially reasonable efforts to maintain the confidentiality of such information and shall cooperate with the party that originally produced the information in its efforts to obtain a protective order or other protection limiting disclosure; however, the party required to disclose the information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the producing party to do so.

**II. POST-DISCOVERY PHASE**

A.     If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking or (b) creating a mutually acceptable redacted version that suffices for purposes of the case.  If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the Court for resolution pursuant to the Court's May 15, 2015 Standing Procedural Civil Order re: Sealing Court Documents (the "Sealing Order") and L.R. 5.4.  The Parties shall confer in all situations where the party filing the document with the Court is not the party seeking protection of the document, and the Parties shall cooperate in securing supporting affidavits under the Sealing Order.

B.     Within thirty days after the conclusion of the action, each party shall gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as "**CONFIDENTIAL**," so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents.  Any such work product retained by an attorney shall continue to be "**CONFIDENTIAL**" and shall be subject to this protective order.

C.     If there are **"CONFIDENTIAL"** documents that counsel for Plaintiff needs to maintain for professional obligations, Computer Sciences Corporation and DXC Technology Services LLC will require its outside legal counsel, Husch Blackwell, and any successor entity, to maintain such documents in an electronic format for a period of six years from the date of the termination of this action.  A professional obligation is defined to include only the following circumstances: (1) defending against a malpractice action; (2) participating in an investigation conducted by an attorney-licensing agency; or (3) defending against an action conducted by an attorney-licensing agency.  Within the time periods imposed by Section II.B of this Order, counsel for Plaintiff must transmit all **"CONFIDENTIAL"** to outside counsel

for Computer Sciences Corporation and DXC Technology Services and provide notice that the documents must be maintained in accordance with this Section II.C.  If counsel for Plaintiff has a bona fide, professional obligation to access such documents during the six-year retention period, counsel for Plaintiff must notify outside counsel for Computer Sciences Corporation and DXC Technology Company to request reasonable access to such documents and furnish reasonably sufficient evidence of the existence of a professional obligation.  DXC Technology Company and Husch Blackwell will not withhold documents so long as the confidentiality of the documents is reasonably preserved to Computer Sciences Corporation and DXC Technology Company's satisfaction.  In any proceeding, counsel for Plaintiff agrees to cooperate with Computer Sciences Corporation and DXC Technology Company in requesting and requiring that confidentiality of the documents be maintained according to their original designations.  After termination of the bona fide reason requiring access to **"CONFIDENTIAL"** documents, all documents provided to counsel for Plaintiff under this Section II.C will be returned or destroyed according to the time periods set forth in Section II.B.  If an additional retention period is required because of the bona fide reason requiring access to documents, Computer Sciences Corporation and DXC Technology Company agree to work with counsel for Plaintiff in good faith to preserve and retain documents as needed.

      D.      The obligations in this Order shall survive any settlement or other termination of the action.

      E.      The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

ENTERED this  6th   day of    July        , 2020.

/s/ Donald L. Cabell
_____
The Honorable Donald L. Cabell
United States Magistrate Judge



## EXHIBIT A

## AFFIDAVIT

STATE OF _____   )
                              ) ss.
COUNTY OF _____    )

_____ swears or affirms and states under penalty of perjury:

1. I have read the Protective Order entered by the United States District Court for the District of Massachusetts in *David Anderson v. Computer Sciences Corporation, et al.*, Case No. 1:19-cv-12283-PBS, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit have been designated as CONFIDENTIAL.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any information designated as CONFIDENTIAL or told to me except as authorized in the Protective Order.  I will not use the CONFIDENTIAL Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above, and I will abide by the terms of the Stipulated Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____
_____

Telephone No.: (_____)_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 201_, by _____.

WITNESS my hand and official seal. _____

[S E A L]                                        Notary Public
                                                 My Commission Expires: _____